VARNUM SHELDON *v.* NEW ORLEANS CANAL AND BANKING COMPANY.

The mere seizure under a *fi. fa.* of a judgment in favor of a debtor, does not divest
the property of the latter, and transfer it to the seizing creditor. It gives him at
most a right to proceed and sell the judgment, and to be paid by preference out of
the proceeds. A *fi. fa.* is the warrant of the sheriff, authorizing him to seize pro-
perty and keep it, and to sell it to satisfy the judgment under which it was issued.
When a seizure has been made, the sheriff is not bound to return the writ, though
it have subsequently expired. He may retain it, and sell the property seized. If he
returns the writ, he will be without authority to hold, or dispose of the property ;
and any privilege resulting from the seizure will cease to exist.

Where the proceeds of property seized and sold under a *fi. fa.*, are claimed in virtue of
a previous seizure under a *fi. fa.*, the claimant must oppose, by way of third opposi-
tion, the application of the proceeds to the satisfaction of the second execution. C.
C. 396, 397, 401, 402.

APPEAL from the District Court of the First District, *Buchan-
an,* J.

*C. M. Jones,* for the appellants.

*Van Matre,* contrâ.

MORPHY, J. Varnum Sheldon recovered in the court below a
judgment against the Canal Bank for $1,000, from which an ap-
peal was taken. Pending this appeal, Hunt and Servis, who
were judgment creditors of Sheldon for a larger amount, issued
an execution on the 3d of December, 1842, under which it ap-
pears that this judgment was seized and advertised for sale, but
the sale was stayed, by order of the plaintiffs in the suit, and the
writ was returned into court, on the third Monday in January,
1843. On the 12th of May following, Cook and Barrett, other
judgment creditors of Sheldon, levied an execution on the same
judgment, had it sold on the 23d of November, and became
themselves the purchasers of it at the sheriff's sale, for the sum
of $150, which was credited on their execution. They made
themselves parties to the suit in the appellate court, and noti-
fied the Canal Bank thereof. The judgment in favor of Shel-
don having been affirmed on the appeal, the bank deposited the
amount of it with the clerk of the District Court, whereupon
Hunt and Servis took a rule on Cook and Barrett to show cause
why the amount deposited should not be paid over to them, on
the ground that they had a privilege thereon, resulting from

their seizure of the judgment, in December, 1842. In answer to this rule, Cook and Barrett averred, that they were the legal and *bona fide* owners of the judgment, and were alone entitled to receive its amount, having bought it on their own execution for the sum of $150, which was applied in part satisfaction of their writ, without any opposition, &c. The rule having been dismissed, and the money ordered to be paid over to Barrett and Cook, this appeal was taken.

Cook and Barrett being admitted in the record to have become the purchasers of Sheldon's judgment against the Canal Bank at the sheriff's sale made under their execution, it is difficult to perceive what right to the money deposited in court Hunt and Servis can derive from their seizure of this judgment. The mere act of seizure did not divest Sheldon of his property in it, and transfer it to these creditors. It gave them, at best, the right to proceed and sell said judgment, and to be paid by preference out of the proceeds of such sale. Their claim then, if they have any under their seizure, must be, not to the amount of the judgment paid by the Canal Bank, but to the price brought by the sheriff's sale of it, subsequently made on the execution of Cook and Barrett. Had they not stayed the proceedings of the sheriff on their writ, and directed or permitted it to be returned into court, their seizure, being the first in date, would have entitled them to a preference on the proceeds of such sale ; but by the course they have pursued, they appear to us to have abandoned and lost any rights they may have acquired under their seizure. The writ of *fieri facias* is the warrant or authority of the sheriff to seize property, and to keep and sell it to satisfy the judgment under which it issues. When he has made a seizure, he is not bound to return the writ, although it has since expired. He may keep it, and proceed to the sale of the property levied upon ; but if he returns the writ, he is without authority to hold or dispose of the property seized. In the present case, Hunt and Servis having stayed the sale, and given no directions to the sheriff to keep the writ in his hands, that officer must have considered it his duty to return it into court, where it expired. As soon as this was done, the privilege resulting from the seizure ceased to exist, because the seizure

itself was at an end, and had an *alias* execution issued it would have been necessary to make a new seizure under it. 1 Rob. 540. B. & C.'s Dig. p. 786, sec. 10. See also the cases of *Cochrane et al.* v. *The Bank of the United States*, ante p. 64, and *Simpson* v. *Wiltz and others*, decided in May, 1844, (7 Robinson). But even if Hunt & Servis had not lost the privilege resulting from their seizure, as they contend they have not, they should have opposed the application of the proceeds of the sale in part satisfaction of the execution of Cook and Barrett, by way of third opposition, and should have claimed such proceeds. Having failed to do so, they are now precluded from establishing any privilege thereon. Code of Practice, arts. 396, 397, 401, 402.

*Judgment affirmed.*